United States District Court
Middle District of Florida
Jacksonville Division

BRENDA DAVIS,

      **Plaintiff,**

**v.**                              **NO. 3:23-cv-1147-WWB-LLL**

VYSTAR CREDIT UNION AND AFFILIATES,

      **Defendant.**

_____

### Report and Recommendation

Plaintiff Brenda Davis, proceeding pro se, filed a complaint against defendant Vystar Credit Union and affiliates, doc. 1; on the same date she applied to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, which I construe as a motion to proceed in forma pauperis. Plaintiff's motion to proceed in forma pauperis has been referred for a report and recommendation regarding an appropriate resolution. *Id.* For the reasons discussed below, I respectfully recommend plaintiff's motion be denied, the complaint dismissed, and that plaintiff be given an opportunity to amend.

### Authority

Under 28 U.S.C. § 1915(a)(1), the Court may authorize plaintiff to proceed without prepayment of fees if she has shown she is "unable to pay such fees or give security therefor." When reviewing a motion to move forward in forma pauperis,

however, the Court must also determine whether the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). If the Court finds these factors apply, it "shall dismiss the case." *Id.* § 1915(e)(2).

Additionally, "a district court may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (emphasis in original) (citations omitted). Federal courts exercise subject matter jurisdiction either through 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal question jurisdiction is invoked when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To establish federal diversity jurisdiction, "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

As for whether a complaint "fails to state a complaint on which relief may be granted" under section 1915(e)(2)(B)(ii), the Court applies the standard used in Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir.

2008). To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading which contains "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pro se pleadings—those filed without a lawyer—are "held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba*, 517 F.3d at 1252 (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). That said, "a court's duty to liberally construe a plaintiff's complaint . . . is not the equivalent of a duty to re-write it for her." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Further, "a litigant's *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Thompson v. U.S. Marine Corp.*, 398 F. App'x 532, 535 (11th Cir. 2010) (per curiam) (emphasis in original) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). But a pro se plaintiff must typically be given an opportunity to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff

3

never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations and citation omitted).

## Discussion

I find that plaintiff is a pauper. *See* doc. 2. But the complaint is deficient; thus, I recommend it be dismissed without prejudice and that plaintiff be given leave to amend.

Initially, plaintiff provides no basis for this Court to exercise subject matter jurisdiction. Plaintiff states that she brings the action "under 28 [U.S.C. §] 1391;" however, this provision discusses venue and is inapplicable to subject matter jurisdiction. Plaintiff does not include citizenship information for any of the parties and does not indicate the amount in controversy for this action; thus, I find no basis to invoke diversity jurisdiction. *See* doc. 1. Similarly, there is no ascertainable basis in the complaint to invoke federal question jurisdiction. *Id.*

Regarding the claim itself, plaintiff states she has "exhausted all avenues seeking remedies with communications as to, orally, written, physically with provided time allowances to correct and protect her membership accounts with Vystar Credit Union." *Id.* at 1. Although not entirely clear, it appears plaintiff has a dispute with Vystar regarding fraud and/or errors related to her credit cards and Vystar has not adequately remedied the issue(s). *See id.* at 1-2. Although plaintiff alleges vague facts, she identifies no ascertainable cause of action. *Id.*

Construing plaintiff's complaint liberally, as I must, dismissal is warranted. First, as discussed above, plaintiff has not provided a valid basis for this Court's subject matter jurisdiction. Second, I find plaintiff has not described any ascertainable factual basis or cause of action. *See* doc. 1; *Iqbal*, 556 U.S. at 678 ("complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotations and citation omitted)). And plaintiff fails to comply with Rule 8(a)(2), which requires the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) ("a complaint must . . . contain either direct or inferential allegations respecting all material elements of a cause of action." (emphasis omitted)). Further, Rule 10(b) requires that plaintiff "state [her] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Because plaintiff does not clearly identify a cause of action or any discernable factual basis to support her claim(s), she fails to state a claim upon which relief can be granted. *See generally* doc. 1; *Iqbal*, 556 U.S. at 678. However, a pro se plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva*, 351 F.3d at 1048-49 (internal quotations and citation omitted). Although it is not clear that plaintiff will be able to overcome

the identified pleading deficiencies, I recommend she be given an opportunity to amend. In doing so, I recommend she be required to specifically identify the basis for this Court's subject matter jurisdiction, and, using numbered paragraphs and separate counts, describe in detail the factual basis for each claim and how defendant is responsible.[1]

## Recommendation

I respectfully **recommend:**

1.      Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, construed as a motion to proceed in forma pauperis, be **denied without prejudice.**

---

[1] In preparing her amended complaint, I recommend plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled "For Litigants," there is a section called "Litigants without Lawyers," which contains resources for pro se parties, including a "Guide for Proceeding Without a Lawyer." Plaintiff may obtain one free copy of the handbook by visiting or mailing the Clerk's Office and presenting this Report and Recommendation to the deputy clerk.

The Court also encourages plaintiff to consider consulting with a legal aid organization such as Jacksonville Area Legal Aid (JALA). Additionally, the Jacksonville Federal Court Bar Association operates a Legal Information Program in which pro se litigants may meet with a lawyer for free to ask general questions. Plaintiff may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts/gov/legal-information-program.

2.     Plaintiff's complaint, doc. 1, be **dismissed without prejudice** and plaintiff be given an opportunity to **amend**.

**Entered** in Jacksonville, Florida, on January 17, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

## Notice

Plaintiff has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations changes the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
The Honorable Wendy W. Berger, United States District Judge
Brenda Davis, pro se plaintiff
        PO Box 440944
        Jacksonville, Florida 32222