UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENDA DAVIS,

        Plaintiff,

v.                                        Case No.: 3:23-cv-1147-WWB-LLL

VYSTAR CREDIT UNION AND
AFFILIATES,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("**Motion to Proceed**," Doc. 2). United States Magistrate Judge Laura Lothman Lambert issued a Report and Recommendation ("**R&R**," Doc. 6), in which she recommends that Plaintiff's Motion be denied without prejudice, and the Complaint (Doc. 1) be dismissed with leave to amend. Plaintiff filed a Motion for Extension of Time to File Objection (Doc. 8), which she has asked the Court to treat as her objection to the R&R. (Doc. 11 at 1).

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state

with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).  The court will not consider "[f]rivolous, conclusive, or general objections."  *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

In the R&R, Magistrate Judge Lambert recommends dismissing the Complaint for failure to allege federal court jurisdiction and to state a claim.  (Doc. 6 at 4–5).  In her objection, Plaintiff cites 18 U.S.C. § 1001 to support jurisdiction.  (Doc. 8 at 1–2).  That statute, however, does not afford Plaintiff a private right of action.  *Julian v. Exlites Holdings Int'l, Inc.*, No. 8:16-cv-2774-T, 2017 WL 2930916, at *5 (M.D. Fla. July 10, 2017) ("The statute in question here is clearly a criminal statute, aimed at fraud and concealment with respect to a government agency, and contains no implication or suggestion of a private right of action." (quoting *Momot v. Dziarcak*, No. 1:14-CV-1527, 2016 WL 5256631, at *6 (N.D.N.Y. Sept. 22, 2016))); *Zajac v. Clark*, No. No. 2:13-cv-714-FtM, 2015 WL 179333, at *8 (M.D. Fla. Jan. 14, 2015).  In the alternative, Plaintiff states that the amount in controversy exceeds $75,000, in an apparent attempt to re-invoke federal diversity jurisdiction by offering supplementary facts in support of her claim for damages.  The additional details Plaintiff now provides fail to cure the jurisdictional issue, however, as Plaintiff still has not alleged the parties' respective citizenships, which is also necessary for this Court to exercise diversity jurisdiction.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999).

Additionally, Plaintiff makes conclusory objections regarding the filing process and the application of 28 U.S.C. § 1915(a)(1) in this case.  These arguments are either entirely

2

conclusory or do not appear to be relevant, as Magistrate Judge Lambert recommended finding that Plaintiff qualifies as a pauper. (Doc. 6 at 4). Plaintiff's objections will be overruled and the R&R will be adopted.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 8) are **OVERRULED**.
2. The Report and Recommendation (Doc. 6) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
3. Plaintiff's Motion to Proceed (Doc. 2) is **DENIED without prejudice**.
4. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.
5. On or before **April 12, 2024**, Plaintiff may file an amended pleading in accordance with the Report and Recommendation and this Order. Failure to timely file may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Jacksonville, Florida on March 25, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party